**Order entered July 31, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

---

**No. 05-18-01436-CR**

---

**RAYMOND CRAIG FREEMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F16-41797-I**

---

## ORDER

Appointed counsel Sharita Blacknall filed an *Anders* brief on May 1, 2019 but did not file a motion to withdraw or provide the Court with written verification that she notified her client of (1) the motion to withdraw, (2) the *Anders* brief, (3) his right to review the record, (4) his right to file a pro se response, and (5) his pro se right to seek discretionary review in the event the Court declares his appeal frivolous. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

On May 23, 2019, the Court sent counsel a letter informing her of the need to file a motion to withdraw and to provide written verification she had complied with the court of criminal appeals directives set out in *Kelly v. State*. We directed her to file these documents by June 2, 2019. Counsel did not do so.

The Court then attempted to contact Ms. Blacknall by telephone but these efforts were unsuccessful.

On July 22, 2019, the Court ordered Ms. Blacknall to file, by July 26, 2019, a motion to withdraw as counsel along with proof she has complied with the requirements of *Kelly*, specifically that she (1) informed appellant of his right to file a pro se response, his right to review the record before filing that response, and his pro se right to seek discretionary review should the court of appeals declare his appeal frivolous or (2) provided appellant with a copy of the clerk's record and reporter's record or informed him he should immediately file a motion for pro se access to the appellate record with the court of appeals. *See Kelly*, 436 S.W.3d at 319–20. We cautioned Ms. Blacknall that her failure to comply with this order would result in this appeal being abated for a hearing in the trial court regarding the adequacy of her representation. To date, Ms. Blacknall has not filed any of the documentation required by this Court's July 22, 2019 order nor had she communicated with this Court regarding this appeal.

We **ORDER** the trial court to conduct a hearing regarding the adequacy of Ms. Blacknall's representation. Specifically the trial court shall determine why appointed counsel has failed to comply with this Court's orders and directives, why counsel has failed to file a motion to withdraw and to provide this Court with the necessary documentation to ensure that counsel has performed her obligations as set out by the Texas Court of Criminal Appeals, whether counsel should be removed and new counsel appointed, and whether counsel should be referred to the State Bar of Texas Commission for Lawyer Discipline. The trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, **which may include appointment of new counsel**.

We **ORDER** the trial court to transmit a record of the proceedings, which shall include written findings and recommendations, to this Court within **THIRTY DAYS** of the date of this order.

We **DIRECT** the Clerk to send a copy of this order to the Honorable Nancy Kennedy, Presiding Judge, Criminal District Court No. 2; to counsel Sharita Blacknall; and to the Dallas County District Attorney.

This appeal is **ABATED** to allow the trial court to comply with the above order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.


/s/     LANA MYERS
        JUSTICE